**Thomas GOODROW, Plaintiff–Appellant,**

v.

**Jon E. LITSCHER and Steven B. Calperson, Defendants–Appellees.**

**No. 03–1465.**

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 10, 2003.*

Decided Dec. 18, 2003.

Thomas Goodrow, pro se, Redgranite, WI, for Plaintiff–Appellant.

Before BAUER, HEASTERBROOK, and DIANE P. WOOD, Circuit Judges.

**Order**

Thomas Goodrow, who is imprisoned under the judgment of a Wisconsin court, filed this action under 42 U.S.C. § 1983 seeking relief from the operation of Wis. Admin. Code DOC § 309, which limits inmates' possession of sexually explicit materials. Before the defendants had been served with process, the district court dismissed Goodrow's complaint on the ground that, because he is confined in Oklahoma and not scheduled to return to Wisconsin until April 2004, he is not adversely affected by the provision in question.

The district court's disposition is incompatible with *Pierce v. Society of Sisters,* 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1925), among many other decisions holding that it is permissible to litigate today about a law or policy that will affect a person in the future. If that future is sufficiently remote, or the rule's application to potentially changed circumstances sufficiently uncertain, then the claim may be unripe. But April 2004 is closer than the effective date of the statute in *Pierce,* and we have been given no reason to doubt that Goodrow will indeed be affected by Wis. Admin. Code DOC § 309 in a few months.

Before the district judge takes up the merits on remand, however, it will be necessary to consider the effect of the order in *Aiello v. Litscher,* No. 98–C–791–C (W.D. Wis. June 6, 2003), which resolved a class action challenging this policy. The final decision in *Aiello* forbids, through operation of claim preclusion as well as its own terms, any independent litigation about the validity of Wis. Admin. Code DOC § 309 (as opposed to the prison's regulations or policies implementing it). Goodrow asserts that he opted out of the *Aiello* class, which does not appear likely, as it had been certified under Fed.R.Civ.P. 23(b)(2) and no opt-out opportunity was

---

* Appellees notified the court that they had not been served with process in this case and would not file a brief or otherwise participate in the appeal. The appeal is accordingly submitted for decision on the record and the appellant's brief. See Fed. R.App. P. 34(a)(2).

given. Ascertaining the effect of *Aiello* is essential before this litigation proceeds further.

VACATED AND REMANDED